UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

MICKHEL DICK, on his own behalf and
on behalf of others similarly situated,

    Plaintiff,

v.

FOOT LOCKER RETAIL, INC., a New
York Corporation,

    Defendant.
_____/

## COMPLAINT

1. Plaintiff, MICKHEL DICK, (hereinafter referred to as "Plaintiff") brings this collective action for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, on behalf of himself and other similarly situated employees of Defendant, FOOT LOCKER RETAIL, INC., a New York corporation, along with its divisions, affiliates, and subsidiaries, however constituted, doing business nationwide (hereinafter referred to as "FOOT LOCKER" or "Defendants"). FOOT LOCKER operates over five hundred (500) stores across the United States and worldwide. This case seeks certification of a nationwide collective action of any and all such entities owned, operated or controlled by the Defendant which are doing business in the United States.

2. Plaintiff was an employee of FOOT LOCKER and brings this action on behalf of himself and other present and former similarly situated "Assistant Managers" of FOOT LOCKER for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b).

3. Defendant, FOOT LOCKER RETAIL, INC., is a New York corporation doing business nationwide, including Broward County, Florida, which is within the jurisdiction of this Court. FOOT LOCKER RETAIL, INC. serves its customers through various divisions, affiliates and subsidiaries under the name "Foot Locker."

4. Defendant, FOOT LOCKER RETAIL, INC., in conjunction with its divisions, affiliates and subsidiaries, however such divisions are constituted, directly or indirectly acted in the interest of an employer toward Plaintiff and other similarly situated "assistant managers" at all material times, including without limitation, directly or indirectly controlling the terms of employment and compensation of Plaintiff and others similarly situated.

5. Jurisdiction is conferred on this Court by 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b). At all times pertinent to this Complaint, Defendant engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act. The annual gross sales volume of Defendant was in excess of $500,000.00.

6. During Plaintiff's employment, he was employed with the title of "Assistant Manager" and performed his duties at FOOT LOCKER's store in Chapel Hill, North Carolina.

7. In the course of employment with Defendant, Plaintiff was mis-classified as exempt from the overtime provisions of the FLSA. In his position as an "Assistant Manager", Plaintiff was only paid a salary, although he regularly worked overtime.

8. Plaintiff's primary duties were of a non-exempt nature, and included checking inventory, preparing product displays, and working with customers on the sales floor.

9. The records, if any, concerning the number of hours actually worked by Plaintiff and all other similarly situated employees, and the compensation actually paid, or not paid, to such employees should be in the possession, custody and control of Defendant.

10. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

11. Plaintiff readopts and realleges the allegations contained in Paragraphs 1 through 10 above.

12. At all times material to this Complaint, Defendant failed to pay Plaintiff and similarly situated persons properly for all overtime hours worked –that is, all of the hours worked in excess of forty (40) -- within a workweek in compliance with the FLSA.

13. Plaintiff and those similarly situated "Assistant Managers" were entitled to an overtime rate of pay equal to time and one-half wages for overtime hours worked (the "overtime rate of pay").

14. Plaintiff and all the other similarly situated employees are entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of forty (40) hours per work week.

15. The additional persons who will opt in to this action are all of FOOT LOCKER's mis-classified "Assistant Managers," however titled, who in one or more work weeks worked in excess of forty (40) hours ("overtime hours") on or after January 2007 at any of FOOT LOCKER's locations throughout the United States, and who did not receive their overtime rate of pay for all of their overtime hours worked within such workweeks ("the overtime class").

16. Defendants' failure to comply with the FLSA was intentional, willful and unlawful.

17. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff and the other employees similarly situated have suffered damages plus incurred costs and reasonable attorney's fees.

18. As a result of Defendant's willful violation of the Act, Plaintiff and the other employees similarly situated are entitled to liquidated damages.

19. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, MICKHEL DICK, and the other employees similarly situated, demand judgment against Defendant, FOOT LOCKER RETAIL, INC., along with its divisions, affiliates, and subsidiaries, however constituted, doing business in the United States, jointly and severally, for the payment of all overtime hours at one and one-half times their regular rate of pay for the hours they worked for which they have not been properly compensated, liquidated damages and reasonable attorney's fees and costs of suit, and such further relief that this Court deems just and appropriate.

Dated: January 12, 2010
Boca Raton, Florida

Respectfully submitted,

Gregg I. Shavitz (Fla. Bar No. 11398)
Email: gshavitz@shavitzlaw.com
Camar R. Jones (Fla. Bar No. 720291)
Email: cjones@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
1515 S. Federal Hwy, Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
Attorneys for Plaintiff